# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

In the Matter of the Judicial Accounting of ARTHUR KEEF, Administrator, and SARAH E. KEEF, Administratrix of the Estate of RICHARD JERRITT, Deceased.

*Jurisdiction of the Surrogate's Court over the accounts of executors and administrators— it cannot adjudge that next of kin who have received assets shall pay debts incurred by the administrators — administrators will not be credited with payments, made by way of distribution to the next of kin, until all debts and expenses of administration have been paid.*

Appeal from a decree of the Surrogate's Court of Oswego county judicially settling the accounts of administrators.

April 29, 1877, Richard Jerritt died intestate, leaving two daughters, Sarah E. Keef (wife of Arthur Keef) and Ruth Spencer (wife of Daniel Spencer), sole heirs-at-law and next of kin. May 5, 1877, letters of administration were granted to Arthur and Sarah E Keef. May 15, 1877, the personal property was inventoried. May 16, 1877, the daughters, by deeds of conveyance, divided between themselves all of the intestate's real estate. The personal property of the intestate amounted to about $4,000. Thereafter this personal property was divided, and certain claims and demands made against the several parties, in favor of and against the estate, were settled by a written agreement, dated March 8, 1878, and signed by them.

March 8, 1878, the administrators gave Daniel Spencer a receipt in full of all demands, and so did Sarah E. Keef; at the same time Mrs. Spencer and Mrs. Keef mutually exchanged receipts, and perhaps the administrators and Mrs. Spencer mutually exchanged receipts, though this does not very clearly appear, nor are the terms of the receipts given. Between the date of this settlement and the date of this accounting the undivided property mentioned in the agreement was divided between the sisters.

In 1881 the administrators applied for a judicial settlement of their accounts, and citations were issued. Mrs. Spencer filed objections to the administrator's account and the matter was referred, pursuant to section 2546 of the Code of Civil Procedure. Upon the coming in of the report it was referred again to the referee to make a further report. Upon the two reports the surrogate held that there was due Morris L. Wright, an attorney:

| | |
|---|---:|
| For services rendered to the administrators............ | $504 00 |
| Due Andrew Coe on a judgment for costs recovered by him in an action brought against him by the administrators.... ......................... ................ | 344 17 |
| Due the administrators for commissions.............. | 113 57 |
| Due the administrators for the amount paid by them to the referee and stenographer on this accounting..... | 255 92 |
| | $1,217 66 |

The Surrogate's Court found that there was no property in the hands of the administrators applicable to the payment of these claims. It was assumed that one-half of the estate, which was in the hands of Sarah E. Keef, one of the administrators, was in her hands as next of kin, and not as an administrator, even as against the administrators' creditors. Upon these facts, so found, it was decreed that Arthur Keef and Sarah E. Keef pay to Morris L. Wright his claim, and also pay Andrew Coe his claim, and that Wright and Coe have executions for their claims. The decree does not provide that Arthur and Sarah E. Keef shall pay in their representative capacity, but that they shall pay, and executions shall run against them as individuals. The decree also provides that Ruth Spencer shall pay unto Arthur and Sarah E. Keef, as individuals, $608.83, one-half of said sum of $1,217.66, and that Arthur and Sarah E. Keef, as individuals, have execution therefor.

From this decree Ruth Spencer appeals, and asks this court to reverse it, upon two grounds: First. That the surrogate was without jurisdiction to make the decree. Second. That the decree is contrary to the evidence, because it appears that there were assets in the hands of the administrators.

The court at General Term said: "The jurisdiction of the Surrogate's Court is purely statutory. There is no statute conferring

jurisdiction upon the Surrogate's Court to adjudge that the next of kin, to whom the personal estate has been distributed, shall pay the debts incurred by the administrators. This decree directs Arthur Keef, individually, to whom no part of the estate has been distributed, and Sarah E. Keef, individually, to whom one-half of the estate has been distributed, to individually pay the claims.

" Nor is there any statute conferring authority upon the Surrogate's Court to adjudge that Ruth Spencer pay to Arthur and Sarah E. Keef, as individuals, one-half of said claims; nor do we think that the court had power to order Ruth Spencer to pay one-half of said claims to Arthur and Sarah E. Keef, in their representative capacity.

"Administrators are not entitled to be credited for payments made by way of distribution to the next of kin until all debts and expenses of administration have been paid. The referee and surrogate have disregarded this principle and have allowed for payments made to, or property distributed among the next of kin before all debts or expenses of administration have been paid. And so it is found by the referee that " there is nothing remaining in the hands of said administrators to pay outstanding claims against said estate or the expenses " in the report afterward mentioned. Hence, to correct the mistake made by the administrators, an unwarranted attempt is made to settle and readjust the affairs of the next of kin and compel them, or one of them, to disgorge assets received under the agreement of 1878, and pay a part thereof back to the administrators; or, rather, to pay the same upon the debts and liabilities found existing against the estate.

" Notwithstanding the reference of the accounts under section 2546 of the Code, we are not prepared to say that a simple confirmation of the referee's report by the surrogate is a sufficient decision to answer the requirements of section 2545. Unless some authority can be found to the contrary, we think the safer practice would be for the surrogate to make an independent decision, with findings of fact and law, accepting or rejecting the conclusions of the referee, as shall seem just. Exceptions can be filed to such findings and to subsequent refusals to find, or findings in settlement of case, as provided in section 2545.

" It follows that the decree of the surrogate must be wholly set aside and the proceedings must be remitted to the surrogate to

make a decision, with findings of facts and conclusions of law — that in such decision, and in the summary statement to be contained in the decree, the administrators should be charged with the whole amount of assets which has come in their hands — that they should be credited with funeral expenses, expenses of administration, debts and accounts paid, any losses from the inventory from property therein included which did not belong to the intestate, and which was dellvered up by the administrators to the true owner and claimant.

" From the balance, as so ascertained, the order or decree, as well as the decision, should direct the administrators : First. To allow and credit to themselves the amount of their commissions to which they are by law entitled, as found and established by the surrogate. Second. That the administrators pay such debts of the estate and costs and expenses of administration as are found to be properly chargeable against the estate by the decision of the surrogate. Third. That the administrators pay over the rest, residue and remainder, after such payments aforesaid, in equal parts, to Sarah. E. Keef and Ruth Spencer, the only next of kin of said deceased. But as money or assets in excess of said amounts have already been received by said next of kin, under and in pursuance of agreements made between them, or between them or one of them and the administrators, let the decision find and the decree adjudge that such residue has been fully paid over to said next of kin, and to the extent thereof the administrators are exonerated and discharged from any further payments thereon.

" The-costs of this appeal should be chargeable against the estate in the hands of the administrators, under the second subdivision of the decision and findings, as above specified."

*William C. Poucher* and *C. C. Brown,* for the contestant, appellant.

*M. L. Wright,* for the administrator, respondent.

Opinion by FOLLETT, J. ; HARDIN, P. J., and BOARDMAN, J., concurred.

Decree of the surrogate reversed, with costs to abide the final award of costs by the surrogate, and proceedings remitted to the surrogate for further proceedings, in accordance with opinion.